[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On or about January 18, 2001, Aline Richefort, Deputy Zoning Inspector for the City of Norwalk, sent a Notice of Violation and Order to Comply to Robert Nowinski. Mr. Nowinski was advised, inter alia, in the January 18, 2001 Notice as follows:
"The following corrective action is required within ten (10) days.
(a) Cease all activity including construction of residence and dredging.
(B) Submit complete application for approvals."
This court takes notice of the fact that the January 18, 2001 Notice states that the Notice was "hand delivered, sent first class and certified mail No. 70993220001007560357."
The Norwalk City Charter, Chapter 116-9c reads as follows:
"C. An appeal from any order, requirement or decision of the Zoning Inspector must be filed at the office of the Zoning Inspector, in writing, on forms prescribed by the Board within fifteen (15) days of such order, requirement or decision."
The question before this court is: Was the appeal from the January 18, 2001 timely filed?
In his brief, plaintiffs counsel states "The Zoning Board of Appeals concedes that such order is not effective until served and that a period of fifteen (15) days exits from the service of such order for the taking of an appeal."
Plaintiffs counsel further states in his brief "Where the record does not disclose any evidence of the date the order was actually placed in CT Page 15611 the mail, if that is the date of service, or when the record discloses no date where in fact, the party to be served was served, the court may not speculate to establish such a date."De Milo Co. v. Department ofTransportation, 43 Conn. Sup. 457.
Official action occurs not when the agency reaches its decision, but when that decision is announced or conveyed to the interested party.Hubbard v. Planning and Zoning Commission, 151 Conn. 269.
The Robert Nowinski appeal was on the Zoning Board of Appeals agenda at the May 3, 2001 Public Hearing. Because of a crowded docket, it was continued for two weeks.
At the May 17, 2000 Public Hearing, the Zoning Board of Appeals had the May 15, 2001 opinion from Peter J Strassberger, Esq., Assistant Corporation Counsel of the City of Norwalk.
It should be noted that the Return of Record, paragraph 7, incorrectly refers to the two page letter to Zoning Board of Appeals Chairman Joseph Ventricelli, Esq., as dated May 7, 2001, instead of the correct date, May 15, 2001.
The plaintiff maintains that the date of delivery of the January 18, 2001 Order cannot be determined from the Return of Record.
The transcript of the May 17, 2001 hearing before the Zoning Board of Appeals contains the following excerpts from the letter dated May 15, 2001, received May 16, 2001 from Peter J. Strassberger, Assistant Corporation Counsel of the City of Norwalk:
"You have asked for an opinion from this office as follows:
Our Zoning Enforcement Officer issued a Cease Desist Order which was served on (emphasis added) Mr. Nowinski on January 18, 2001. The Zoning Board of Appeals requires appeals from such orders to be filed within 15 days of any such order. Counsel for Mr. Nowinski has posed the unique and original argument that the 15 day appeal period does not run from the day of service of the order, but from 10 days later. It is not contested that the appeal was filed with the ZBA more than 15 days from the issuance and service of the order, on February 9th. The opinion of this office is that the appeal was not timely filed and it is not properly before the ZBA."
The transcript of the May 17, 2001 Public Hearing contains further language from the May 15, 2001 letter from Attorney Strassberger, and is CT Page 15612 a part of the Return of Record as follows:
"Mr. Wrinn correctly returned the appeal which was not filed until February 9th, more than 15 days after the order of January 18th. The argument of the applicant that he had 15 days from the effective date of the order is not correct. The order is effective on the date of service"
The decision of the Zoning Board of Appeals is confirmed and the appeal is dismissed.
TOBIN, J. CT Page 15613